Willis v. The State.

1. Where, on a trial for murder, the prisoner's counsel requested the court to give its charge to the jury in writing, and after complying with the request, the court gave orally other and additional charges, it is cause for a new trial, although the additional charges were given upon a request of the jury for further instruction.

2. The accused being between the ages of ten and fourteen years, the court, after reading to the jury section 4294 of the code, is not, in the absence of a special request, bound to further charge that they should be satisfied he knew the distinction between right and wrong as to the particular transaction under investigation before they would be authorized to find him guilty; but it would be entirely proper and right to add this additional instruction, as explanatory of the true meaning of the section.

*Judgment reversed.*

March 31, 1892. By two Justices. Argued at the last term.

Criminal law. Charge of court. Infancy. Before Judge Guerry. Terrell superior court. May adjourned term, 1891.

Homer Willis was indicted for murder, and convicted of manslaughter. He excepted to the denial of a new trial. Two of his grounds were:

(1) Before the argument began the court was requested in writing to put his charge in writing, and the request was complied with. After the jury had been out for some time, the court recalled them and inquired if they were troubled over questions of law or fact. They replied "facts." They were returned to their room, and soon returned and asked to be recharged upon the different grades of homicide, murder and manslaughter. The court stated that he would read to them the charge which he had read, and proceeded to read therefrom, but after so doing, gave the following instruction orally: "Express malice is that which can be shown by words or acts of defendant. When no malice is expressed upon his part, then there is what is known as implied malice. The law imputes malice to a man where he

kills another, and where all the circumstances show an abandoned and malignant heart. Now, under the definition of the code, is it murder? If a man kills another with malice against him, he is guilty of murder, no matter how that malice originated. If he kills him under such circumstances as to show that he was entirely reckless of human life, that he had an abandoned and malignant heart, although he may have no malice against the party killed, it would be murder, because the law says that is implied malice. If, after considering all the evidence in this case, you don't think it was murder, or if you have a reasonable doubt as to whether it was murder or not, you will then see whether he would be guilty or not of the offence of manslaughter." The defendant insists that this instruction was illegal because it was not contained in the written charge, and that in its entirety it would not be legal if it had been in writing.

(2) The following, which was the only charge of the court to the jury on the subject of the defendant's responsibility for his act if under 14 years of age, was not the law applicable to this part of the case, and it misled the jury and injured the defendant: "If you should decide that he was not 14 years old, then you will determine whether he is of sufficient mental capacity to know good from evil. If he was not 14 years old and did not know good from evil—was not of sufficient intelligence to know right from wrong, then he could not commit a crime. In determining whether he knows good from evil, you can consider all the evidence in this case for the State and the defendant. You may consider any evidence showing what he did, how he acted, what he said; and you may also examine his own statement made in this case. In fact, the whole case in all its aspects is for you to examine and determine whether he knows good from evil. If you should de-

termine beyond a reasonable doubt that he did know good from evil, then he is bound by his acts and is subject to punishment for a violation of a criminal law."

J. A. LAING and J. W. WALTERS, by HARRISON & PEEPLES, for plaintiff in error.

W. A. LITTLE, attorney-general, by J. H. LUMPKIN, J. M. GRIGGS, solicitor-general, and HOYL & PARKS, by brief, *contra.*